UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MARC BROWNE and TERRI ADLEY, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>CIOX HEALTH, LLC,<br><br>     Defendant. | Case No. _____ |

**PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT**

Come now, Plaintiffs Marc Browne ("Browne") and Terri Adley ("Adley"), individually and on behalf of all others similarly situated, complaining of Defendant Ciox Health, LLC ("Ciox"), and for such would respectfully show the Court as follows:

**INTRODUCTION**

1.     In Texas, the Legislature has recognized the importance of patients having the ability to obtain copies of their medical records at reasonable charges. Patients may need their records to obtain further medical care or for legal proceedings, such as lawsuits for injuries caused to them by the negligence of others. On the other hand, the Legislature has recognized that medical providers may incur real out-of-pocket expenses in providing patients with copies of their medical records, for which expenses they deserve reasonable compensation. In another words, the Legislature has recognized the need for a careful balancing of the rights of patients and the

economic needs of medical providers, and it has created two statutory/administrative regimes to conduct this balancing: one for hospitals and one for physicians.

2. As for hospitals, the Legislature passed Texas Health and Safety Code § 241.154 setting the conditions under which hospitals must provide copies of medical records to patients and their legally authorized representatives, the timing of their doing so, their right to charge reasonable fees for doing so and the maximum charges for doing so. Recognizing the inherent lesser expense of providing records on a digital or electronic medium than on paper, the Legislature set a lower maximum price for providing records in that manner than providing them on paper. The Legislature further provided that the maximum charges would be adjusted annually based on changes in the consumer price index. This adjustment is carried out by the Texas Department of State Health Services. The Legislature further specifically limited what fees hospitals may charge for providing copies of medical records. The Legislature allows hospitals to condition production of copies of medical records on prepayment by patients, with certain exceptions.

3. As for physicians, the Legislature granted to the Texas Medical Board the power to regulate the provision of copies of medical records by them to patients. In Texas Administrative Code § 165.2, the Texas Medical Board ("Board") sets the conditions under which physicians must provide copies of medical records to patients and their legally authorized representatives, the timing of their doing so, their right to charge a reasonable cost-based fee for doing so and maximum charges for doing so. Recognizing the inherent lesser expense of providing records in an electronic format than on paper, the Board set a lower maximum price for providing records in that manner than providing them on paper. The Board also specified what fees physicians may and may not charge for providing copies of medical records. The Board allows physicians to condition production of copies of medical records on prepayment by patients, with certain exceptions.

4.   In virtually every suit alleging personal injury caused by another's negligence, counsel for the plaintiff, for purposes of evaluating and/or prosecuting the case, will order on behalf of the plaintiff the medical records from every hospital and physician who treated the plaintiff for the injuries that are the subject of the suit. In addition, the plaintiff's counsel (as agent for the plaintiff/patient) will very frequently order medical records from other (past and present) medical providers to establish a base-line pre-accident physical condition and to deal with pre-existing condition arguments by the defendant. The plaintiff's counsel advances the expense of the medical records and then recovers that expense out of the client's recovery, if any, from the lawsuit, whether by settlement or collected judgment. So, the plaintiff/patient ultimately pays for the medical records. Such suits cannot be prosecuted without the plaintiff's/patient's medical records, which means that they have no choice but to prepay whatever charges are demanded by hospital and physicians, because time is of the essence in meeting the two-year statute of limitations and satisfying other statutory and court-mandated deadlines.

5.   A significant majority of hospitals and physicians outsource the production of medical record copies to third party entities which specialize in this business ("medical records services" or "MRS"). The MRS review the record requests and make sure necessary authorization forms are provided in correct form, retrieve the requested records (either directly from the medical provider's records or with help of medical provider employees), invoice for the records, collect the charges, produce the records and remit some portion of the collected charges to the medical providers, keeping the remainder for themselves. As agents for the hospitals and physicians, MRS are obligated to produce documents in compliance with the Texas statute and administrative code provision discussed above and any other Texas law bearing on the production of copies of medical records.

6.     Upon information and belief, Ciox is the largest MRS in the United States, providing its services nationwide, and one of the largest, if not the largest, suppliers of these services in Texas. Ciox boasts that it handles over 40 million record requests and over 100 million medical records a year. As the agent for the hospitals and physicians in Texas for whom it provides services, Ciox has the duty to comply with Texas law setting forth the maximum charges for medical records. Unfortunately, Ciox routinely charges more than allowed by Texas law, costing Texas patients millions of dollars.

7.     Specifically, Texas law makes clear that when a patient or their legally authorized representative (such as their attorney) requests medical records be produced in electronic format, a medical provider or its MRS must produce them in that format and charge no more than the legal maximum for that format. Further, Texas law provides that regardless of whether a patient requested records in electronic format, if a medical provider or its MRS does produce them in that format, it can charge no more than the legal maximum for that format. Texas law also restricts what fees can be charged in connection with production of medical records. Despite this, Ciox routinely charges the higher legal maximum for paper copies when the patient requested the records in electronic format and/or Ciox produced them in electronic format. It also routinely charges fees which cannot be charged under Texas law.

8.     Prices that exceed the legal maximums in the contracts between Ciox and patients (entered into on behalf of the patients by their attorneys) are illegal and void, as unauthorized charges, and the statutory maximums are deemed incorporated into the contracts in their place. Accordingly, by charging more than the legal maximums and for costs that may not legally be charged, Ciox breached its contracts with Plaintiffs and the other members of the proposed class, damaging them in the differences between the amounts charged and the legal maximums plus the amounts of the

unauthorized charges. And, pursuant to Chapter 38 of the Texas Civil Practices and Remedies Code, Plaintiffs and the other members of the proposed class are entitled to recover their reasonable and necessary attorneys' fees and expenses incurred in prosecuting such cause of action.

9.  Alternatively, the charges collected by Ciox in excess of the legal maximums and the unauthorized charges make the contracts illegal and void constitute amounts which in equity and good conscience it should not be entitled to retain. Accordingly, Plaintiffs and the other members of the proposed class are entitled to recover the excess amounts and the unauthorized charges pursuant to the cause of action for money had and received.

## PARTIES, JURISDICTION AND VENUE

10.  Plaintiff Marc Browne ("Browne") was a resident of Denton County, Texas, at all relevant times.

11.  Plaintiff Teri Adley ("Adley") was a resident of Van Zandt County, Texas, at all relevant times.

12.  Defendant Ciox Health, LLC ("Ciox") was formed in and is incorporated in Georgia and has its principal place of business in Alpharetta, Georgia. Ciox can be served with process through its registered agent for service of process in Texas, Corporation Service Company, d/b/a CSC-Lawyers Incorporated, 211 E. 7th St., Suite 620, Austin, TX 78701.

13.  This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § l332(d)(2) and (6), because: (i) there are 100 or more class members, (ii) the matter in controversy, exceeds $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity, because at least one plaintiff and one defendant are citizens of different states. Texas' population represents approximately 8.8% of the US population. 8.8% of 40 million record requests per year (approximately 3.5 million record requests per year in Texas) during a four-year

limitations period equals approximately 14 million Texas requests handled by Ciox. Even if only a minute percentage involved the same excess charges as Plaintiffs, the number of class members would greatly exceed 100 persons. And, if only 1% of those 14 million requests resulted in excess charges similar to Plaintiffs' ($67.63-$72.50), the amount in controversy would be in the range of $9.47 million to $10.15 million.

14. This Court has specific personal jurisdiction over Ciox because the overcharges to Plaintiffs and a significant portion of the Class occurred in the State of Texas and in this District.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) & (2), because Ciox resides in the District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District.

## STATUTORY AND ADMINISTRATIVE SCHEME

16. Texas Health & Safety Code § 241.154 ("241.154") governs the provision of copies of medical records by Texas hospitals to patients. Subsection (a) requires hospitals or their agents after receipt of written authorization from a patient or legally authorized representative to copy the patient's medical records to provide copies no later than 15 days after the date of the request and payment authorized under subsection (b) are received.

17. Subsection (b) provides that the hospital or its agent may charge a reasonable fee for the records which may not include anything other than or exceed a basic retrieval or processing fee, plus in the case of paper records, a graduated per page charge, plus the actual cost of mailing, shipping or otherwise delivering the provided copies. Where the requested records are provided on a digital or other electronic medium or the requesting party requests delivery in a digital or electronic medium, only the maximum electronic format retrieval or processing fee plus the actual cost of delivery can be charges. No other charges are authorized for copies of medical records.

Subsection (e) provides that the maximum fees shall be adjusted annually based on the consumer price index.

18. As of January 20, 2017, for paper copies, hospitals or their agents could charge a basic retrieval or processing fee of up to $45.79 (which includes the first 10 pages), plus $1.54 for the 11th through 60th pages, plus $.76 for the 61st through 400th page, plus $.41 per additional page, plus the actual cost of delivery. For digital or electronic copies, they could charge a retrieval or processing fee of up to $82.95, plus the cost of delivery. This meant that paper copies of less than 35 pages cost less than electronic copies and electronic copies of 35 pages or more cost less than paper copies.

19. As of September 1, 2018, for paper copies, hospitals or their agents could charge a basic retrieval or processing fee of up to $48.10 (which includes the first 10 pages), plus $1.62 for the 11th through 60th pages, plus $.79 for the 61st through 400th page, plus. $.43 per additional page, plus the actual cost of delivery. For digital or electronic copies, they could charge a retrieval or processing fee of up to $87.14, plus the cost of delivery. This meant that paper copies of less than 35 pages cost less than electronic copies and electronic copies of 35 pages or more cost less than paper copies.

20. Pursuant to Texas Occupations Code §§ 159.005 & 159.006 and Texas Administrative Code § 165.2 ("165.2"), subsections (a) &(b), a physician receiving a proper release for medical records must furnish them within 15 business days after receiving the requests and the reasonable fees that may be charged. If requested, the physician must provide the requested records in electronic format, if such records are readily producible.

21. 165.(2)(e) details the allowable charges, which must be "reasonable, cost-based fees" and "may not include costs associated with searching for and retrieving the requested information and

shall include only the cost of: (A) copying and labor…; (B) costs of supplies for creating the paper copy or electronic media (if the individual requests portable media…); (C) postage, when the individual has requested the copy or summary be mailed;…." A physician responding to a request for paper format may charge no more than $25 for the first 20 pages and $.50 per page for every copy thereafter. A physician responding to a request for electronic format and/or producing them in electronic format may charge no more than $25 for 500 pages or less and $50 for more than 500 pages. Accordingly, the maximum charge for any number of pages provided in electronic format will always be less than the maximum charge for the same number of pages provided in paper format.

## CIOX'S UNIFORM OVERCHARING OF PLAINTIFFS AND THE CLASS

22. Ciox either obtains medical records in electronic format from the medical providers for whom it provides record request services or converts paper records into electronic format. So, Ciox has the capability of providing medical records in electronic format in response to every medical record request it handles.

23. The process begins by the attorney for the plaintiff providing a written request and medical authorization/release to a medical provider. The provider then either provides the written request and medical authorization/release to Ciox in electronic format or Ciox converts it to electronic format. Ciox then creates an electronic file in its database for that request that includes the identity of the provider, the identity of the patient, the identity of the requesting lawyer and that lawyer's address and phone number and email address (if provided), and the records requested. It is currently unknown to Plaintiffs whether, if a specific format (i.e., electronic or paper) for the records was requested, the requested format is noted in the electronic file or whether Ciox ignores what was requested so it can produce at the higher paper price. Upon information and belief, Ciox

retains a copy of the written request and authorization/release received from the patient's attorney in its electronic file.

24. After opening the file on the request, Ciox obtains the records from the medical provider which it saves in the file in electronic format. It then calculates the fees it will charge for the requested records based upon the number of pages and the maximum charges for providing the records based upon providing them in paper format regardless of whether the request from the attorney requested them in electronic format or paper format or did not specify the format, and it sends an invoice to the attorney reflecting the maximum paper format charges. The invoice constitutes the offer to contract. The payment by the attorney (an advance on behalf of the patient) constitutes the acceptance of the offer on behalf of the patient, and the contract for the provision of the medical records between Ciox and the patient is formed. Ciox will not provide the requested records unless it first receives the payment of the invoiced amount.

25. The charges for paper copies that exceed the charges for electronic copies violate 241.154 and 165.2 (hereinafter sometimes collectively referred to as "the Statutes") and are thus illegal and void. Thus, the statutory electronic format maximums are incorporated into the contracts in place of the invoiced amounts. By charging in excess of the incorporated maximum charges set by the Statutes, Ciox breaches its contracts with the patients.

26. Upon information and belief, Ciox provides the documents in electronic format unless the lawyer specifically requests them in paper format despite charging for them as if it were sending paper copies. It most frequently does so by making the copies available for download on its website portal and notifying the lawyers of their availability. Furthermore, Ciox charges an "Electronic Data Archive Fee" or "Electronic Dlvry Fee" of $2.00 in connection with its electronic delivery of copies despite both of the Statutes prohibiting it from charging such fees. Since these charges are

illegal and void, they do not constitute part of the contracts and Ciox breaches the contracts by charging them.

27. Plaintiff Adley's treatment by Ciox perfectly illustrates Ciox's systematic breach of contract. On March 22, 2018, her counsel, Frenkel and Frenkel, wrote to Concentra Medical Centers ("Concentra"), a non-hospital urgent care clinic, requesting her medical records in electronic format and providing the requisite authorization. A true and correct copy of same is attached here to as Exhibit A. On or about March 29, 2018, Ciox responded with an invoice in the amount of $77.50, consisting of a basic fee of $25 (which include the first 20 pages), $50.50 (101 additional pages at $0.50 per page) and a $2.00 "Electronic Data Archive Fee." A true and correct copy of the invoice is attached hereto as Exhibit B. This constituted the offer. Adley's attorneys paid Ciox by check dated April 4, 2018, which constituted the acceptance and formed the contract between Ciox and Adley. A true and correct copy of the check is attached hereto as Exhibit C. Adley reimbursed her attorneys for the $77.50 on or about January 2, 2019, when she received her settlement less the $77.50. A true and correct copy of the Settlement Memorandum is attached hereto as Exhibit D.

28. Despite Adley's request to provide the copies electronically and Ciox doing so through its website portal, Ciox charged the maximum rate for paper copies allowed by 165.2, breaching its contract with Adley. Had Ciox charged the maximum electronic charges provide by 165.2, she would have been charged only $25, Thus, Ciox's breach damaged her in the amount of $52.50.

29. The experience of Plaintiff Browne was very similar. On January 23, 2017, his counsel, Frenkel and Frenkel, wrote a hospital which treated him, Columbia Medical Center of Denton, Subsidiary, L.P., requesting his medical records and providing the requisite authorization. A true and correct copy of same is attached here to as Exhibit E. On or about March 29, 2017, Ciox

responded with an invoice in the amount of $150.58, consisting of a basic fee of $45.74 (which included the first 10 pages), $77.00 (50 pages at $1.54 per page), $25.84 (34 pages at $0.76 per page), and an "Electronic Dlvry Fee" of $2.00. A true and correct copy of the invoice is attached hereto as Exhibit F. This constituted the offer. Browne's attorneys paid Ciox by check dated March 29, 2017, which constituted the acceptance and formed the contract between Ciox and Browne. A true and correct copy of the check is attached hereto as Exhibit G. Browne reimbursed his attorneys for the $150.58 on or about October 4, 2017, when he received his settlement less the $150.58. A true and correct copy of the Settlement Memorandum is attached hereto as Exhibit H.

30. Despite Ciox providing Browne's medical records electronically through its website portal, Ciox charged the maximum rate for paper copies allowed by 241.154, breaching its contract with Adley. Had Ciox charged the maximum electronic charges provide by 241.154 effective in March of 2017, Browne would have been charged only $82.95, Thus, Ciox's breach damaged him in the amount of $67.63.

## CLASS ALLEGATIONS

31. Plaintiffs seek to represent a Class defined as:

> All residents of the United States who requested medical records from a Texas hospital or physician to whom the records were produced by Ciox (but as to physicians' records, only those residents who paid for 35 or more pages) and whom Ciox charged fees based upon providing paper copies of the records despite having been requested to produce the records in electronic format and/or producing them in electronic format and/or to whom Ciox charged an electronic data archive fee or an electronic delivery fee and who personally paid for the records during the four years preceding the filing of this Petition by deduction from the proceeds of a lawsuit in which such medical records were requested.

The Class Period runs from four years before the date of this Petition to the date of class certification.

32. Plaintiffs request the Court certify this Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) and name Plaintiffs the Class representatives and the undersigned counsel the Class counsel.

33. There are tens of thousands of members of the Class, such that joinder of all Class members is impracticable. This is evidenced by the fact that tens of thousands of personal injury suits are filed every year in Texas and the likelihood that Ciox handled in excess of a million medical records requests in Texas during the last four years, as set forth above in paragraph 13. Those class members can be identified through Ciox's electronic records, and notice can be given to them through their attorneys, whose contact information Ciox has stored electronically, and/or through publication.

34. There are questions of law and fact that are common to all of the members of the Class, including whether contracts existed between Ciox and the Class, whether those contracts incorporated the maximum charges allowed by the statutes, whether Ciox breached those contracts by charging for paper copies rather than electronic copies, whether the measure of damages for that breach is the difference between what Ciox actually charged and what it should have charged for electronic copies, whether Ciox breached those contracts by charging fees not permitted by the Statutes, and whether the measure of damages for that breach is the amount of those impermissible charges. Alternatively, pursuant to the cause of action for money had and received, whether the overcharges and the impermissible charges rendered the contracts illegal and void and whether they constitute money which, in equity and good conscience, Ciox ought not to retain constitute common questions of law and fact.

35. Plaintiffs' claims are typical of the claims of the Class. They all arise under the same legal theories and out of the same pattern of conduct by Ciox.

36. Plaintiffs will fairly and adequately represent and protect the interests of the Class because they have no conflicts of interest with the other members of the Class and because they have hired well-qualified counsel to represent the Class who likewise have no conflicts of interest with the members of the Class.

37. This case is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, because the questions of law or fact common to Class members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Common issues predominate, because, as set forth above, all the questions necessary to determine the liability of Ciox to the Class are common, leaving only calculation of damages to be performed individually. Those calculations can be performed on an undisputed, mechanical, ministerial basis without any need for them to be heard by a jury, because they simply require calculation of the amounts that should have been charged under the Statutes based upon the numbers of copies provided by Ciox as contained in its electronic records and then subtracting that amount from the amounts actually charged by Ciox, also as contained in its electronic records. Likewise, the amount charged for illegal fees is contained in Ciox's electronic records.

38. A class action is superior because the amounts recoverable by individual Class members are not enough to justify individual suits against a large corporation like Ciox which can be expected to vigorously defend every such suit as a matter of precedent. For that reason, Class members do not have a real interest in individually controlling their separate claims. Further, the overwhelming majority of Class members do not even know they have such claims to sue over. This is demonstrated by the fact that there do not appear be any pending individual suits against

Ciox in Texas over these issues. Simply put, there are no alternatives to a class action to resolve this controversy.

39.     Even if individual suits were feasible and likely to be filed, it would be highly inefficient and a waste of the parties' and the court system's resources to repeatedly adjudicate the same factual and legal issues. Plus, it could result in undesirable inconsistent results on foundational legal issues. Thus, it is highly desirable to concentrate the litigation in this forum, which is well equipped to resolve the controversy for all Class members and Ciox.

40.     There are no unusual difficulties likely to be encountered in the management of this case as a class action. Texas law applies to all Class members' claims, and the legal issues are simple matters of statutory and contractual interpretation. And, as previously explained, damages are easily and readily calculable for each Class member on an undisputed, mechanical, ministerial basis.

## COUNT 1—BREACH OF CONTRACT

41.     Plaintiffs realleges paragraphs 1-40 above as if fully set forth herein verbatim.

42.     Plaintiffs and the other members of the Class entered into contracts with Ciox to provide them copies of their electronic records at the maximum permissible rates set forth in the Statutes. Ciox breached those contracts by: (a) charging them for paper copies when they should have charged them for electronic copies, and (b) charging them fees not permitted by the statutes. Plaintiffs and the other members of the Class were proximately damaged by these breaches in the amounts by which the paper copy charges exceed the electronic copy charges and the amounts of the impermissible charges.

43.     Pursuant to Texas Civil Practices and Remedies Code Chapter 38, Plaintiffs are entitled to recover their reasonable attorneys' fees and costs incurred in prosecuting this cause of action.

## COUNT 2-ALTERNATIVELY, MONEY HAD AND RECEIVED

44. Plaintiffs realleges paragraphs 1-40 above as if fully set forth herein verbatim.

45. The illegality of Ciox charging in excess of the maximum charges permitted by the Statutes by charging for paper copies rather than for electronic copies and charging fees not permitted by the Statutes makes the contracts illegal and void. Under those circumstances, the amounts of the overcharges charged and collected by Ciox because it charged for paper rather than electronic copies and the amounts of the impermissible fees it charged and collected constitute money which, in equity and good conscience, it should not retain and is recoverable by Plaintiffs and the Class.

## Demand for Jury Trial

Plaintiffs, Teri Adley and Marc Browne, and the Class hereby demand a trial by jury on all the issues so triable.

## REQUEST FOR RELIEF

Plaintiffs, Teri Adley and Marc Browne, respectfully request the Court to award them the following relief:

a. Enter an order certifying this to proceed as a class action, appointing the undersigned counsel as Class counsel and appointing Plaintiffs as class representatives;

b. Enter a judgment awarding Plaintiffs and the Class damages as set forth above;

c. Enter a judgment awarding Plaintiff and the Class their reasonable attorneys' fees and costs incurred in prosecuting this action;

d. Enter a judgment awarding Plaintiffs and the Class prejudgment and post judgment interest at the maximum rates permissible at law or in equity; and

e. Enter a judgment awarding Plaintiff and the Class all such other further relief, general or special, legal or equitable to which they may be justly entitled.

Dated:  September 13, 2019

                        Respectfully Submitted,


                        /s/*Roger L. Mandel*_____
                        Roger L. Mandel
                        JEEVES MANDEL LAW GROUP, P.C.
                        12222 Merit Drive
                        Suite 1200
                        Dallas, TX  75251
                        214-253-8300
                        rmandel@jeevesmandellawgroup.com

                        and

                        Scott R. Jeeves, Esquire FBN 0905630
                        Primary Email: sjeeves@jeeveslawgroup.com
                        Secondary Email: khill@jeeveslawgroup.com
                                      kwoodford@jeeveslawgroup.com
                        THE JEEVES LAW GROUP, P.A
                        954 First Avenue North
                        St. Petersburg, FL 33705
                        Telephone: (727) 894-2929

                        and

                        Craig E. Rothburd, Esquire FBN 49182
                        Email: craig@rothburdpa.com
                                  maria@rothburdpa.com
                        CRAIG E. ROTHBURD, P.A.
                        320 W. Kennedy Blvd., Suite 700
                        Tampa, FL 33606
                        Telephone: (813) 251-8800