IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARC BROWNE, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:19-cv-667-ALM-KPJ |
| CIOX HEALTH LLC, | § § § | |
| Defendant. | § § § § | |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFYING SETTLEMENT CLASS AND FINAL JUDGMENT**

**THIS MATTER COMING BEFORE THE COURT** on the Parties Joint Motion for Final Approval of Proposed Class Action Settlement (the "Final Approval Motion" - Dkt. #57) seeking final approval of the Class Action Settlement Agreement and Release dated May 26, 2022 (Dkt. #51-1), certification of the Settlement Class and entry of Final Judgment. Also before the Court is Class Counsel's Unopposed Motion and Brief in Support of Attorneys' and Costs and Class Representative Service Awards, which separately addresses two aspects of the Settlement: Class Counsel's requested Fee and Expense Award and the Class Representatives' requested Service Awards.

On June 30, 2022, the Parties filed their Joint Motion to Give Notice of Proposed Class Action Settlement and Brief in Support (the "Notice Motion"), which had as exhibits the declarations, with supporting exhibits, of Roger L. Mandel (Dkt. No. 51-2) and Scott R. Jeeves (Dkt. No. 51-3). The Court, thereafter, having reviewed same, entered its docket Order on July 26, 2022, granting the Notice Motion, which served to (1) find the Settlement sufficiently likely to be approved to justify sending notice to the Settlement Class, (2) find it sufficiently likely the Court

would certify the Settlement Class to justify sending notice to the Settlement Class, (3) appointing Plaintiffs' counsel as Class Counsel and Plaintiffs as Class Representatives for purposes of sending notice to the Settlement Class, (4) approving the notice plan, and (5) scheduling a Final Approval Hearing.

The Court, having reviewed the Settlement Agreement ("Agreement")[1] (Dkt. #51-1), the Final Approval Motion and is supporting declarations, as well as the previously filed declarations of Scott R. Jeeves and Roger L. Mandel and their supporting exhibits, and the other pleadings and proceedings to date in this matter; and having noted that there have been no objections filed by any Settlement Class Member to the proposed Settlement, HEREBY FINDS, ORDERS, ADJUDGES, and DECREES as follows:

**I.   THE SETTLEMENT CLASS IS CERTIFIED, PLAINTIFFS ARE APPOINTED CLASS REPRESENTATIVES, AND PLAINTIFFS' COUNSEL ARE APPOINTED CLASS COUNSEL**

1. In the Order granting the Notice Motion, the Court approved the provision of notice to the following Settlement Class, which includes two subclasses:

> all Persons with Qualifying Requests who fall within Settlement Subclass A and Settlement Subclass B, as defined herein. Excluded from the Settlement Class are (i) Ciox, any predecessor, subsidiary, sister and/or merged companies, and all of the present or past directors and officers of Ciox, (ii) any and all Persons that paid for the requested copies of medical records pursuant to a specific pricing agreement or rate different from the applicable Electronic Rate, and (iii) the Judge signing the Final Approval Order and Judgment, any judge or justice considering the Action on appeal or remand (if applicable), and the current spouses and all other persons within the third degree of consanguinity to such judges/justices.

Under the terms of the Settlement, Settlement Subclass A is defined as:

> all Persons who, on one or more occasions during the Class Period, (i) sought copies of medical records from a Texas Clinic(s) or Texas Hospital(s), or had the copies of medical records requested by some other Person pursuant to their authorization, (ii) specifically requested, in the applicable request letter that the copies of medical

---

[1] The definitions in the Agreement are hereby incorporated as though fully set forth in this Final Approval Order, and capitalized terms shall have the meanings attributed to them in the Agreement.

> records be delivered in electronic format, (iii) were charged more than the applicable Electronic Rate, (iv) subsequently paid Ciox more than the applicable Electronic Rate, and (v) were not reimbursed by Ciox for the Disputed Fee Amount.

Lastly, under the terms of the Settlement, Settlement Subclass B is defined as:

> all Persons who, on one or more occasions during the Class Period, (i) sought copies of medical records from a Texas Clinic(s) or Texas Hospital(s), or had the copies of medical records requested by some other Person pursuant to their authorization, (ii) did not request, in the applicable request letter that the copies of medical records be delivered in electronic format, but otherwise received electronic copies of the medical records via the Ciox eDelivery Portal pursuant to their registration for the same, (iii) were charged more than the applicable Electronic Rate, (iv) subsequently paid Ciox more than the applicable Electronic Rate, and (v) were not reimbursed by Ciox for the Disputed Fee Amount.

2. The Settlement Class so defined, but minus those potential Settlement Class members who timely opted-out as set forth in the attached Exhibit A, is hereby certified pursuant to Fed. R. Civ. P. 23(a) & (b)(3).

3. The requirements of Rule 23(a) and (b)(3) have been satisfied for the reasons stated in the Final Approval Motion. The members of the Settlement Class are so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the Class Representatives are typical of the claims of the Settlement Class; the Class Representatives will fairly and adequately protect the interests of the Settlement Class; and prosecution of separate actions by individual Settlement Class members would create a risk of inconsistent or varying adjudications with respect to them that would establish incompatible standards of conduct for Defendants.

4. The appointment for notice purposes of Marc Browne and Teri Adley as Class Representatives pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure is made final. The Court finds that the Class Representatives have adequately represented the Class to date.

5. The Court finds that the counsel listed below are experienced in class litigation and have fairly and adequately protected the interests of the Settlement Class, and their appointment as Class Counsel for notice purposes is hereby made final:

Roger L. Mandel. Esq.
**JEEVES MANDEL LAW GROUP, P.C.**
2833 Crockett St
Suite 135
Fort Worth, TX 76107
rmandel@jeevesmandellawgroup.com

Kyle W. Woodford, Esq.
Scott R. Jeeves, Esq.
**JEEVES LAW GROUP, P.A.**
954 First Avenue North
St. Petersburg, Florida 33705 T. (727) 894-2929
sjeeves@jeeveslawgroup.com
kwoodford@jeeveslawgroup.com

Craig E. Rothburd, Esq.
**CRAIG E. ROTHBURD, P.A.**
320 W. Kennedy Blvd., Suite 700
Tampa, Florida 33606
T. (813) 251-8800
craig@rothburdpa.com

## II. THE BEST NOTICE PRACTICABLE WAS PROVIDED TO THE SETTLEMENT CLASS

6. Notice to the Settlement Class has been provided in accordance with the Court's Order granting the Notice Motion. The notice, in form, method, and content, fully complied with the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled to notice of the Settlement. The Court notes that no Settlement Class Member timely or ever filed an objection to the Settlement and that no Settlement Class Member appeared at the final approval hearing to raise an objection to the Settlement.

7. The Court-approved Notice satisfied due process requirements because it adequately described the claims at issue and contained the information reasonably necessary for

Class Members to decide whether to make a claim in, object to, or opt out of the Settlement. The provision of a website and a telephone number to obtain more information and a method to submit claims online through the website made it sufficiently simple for Class members to make informed decisions and act upon them.

8. All Settlement Class Members who failed to submit an objection to the Settlement in accordance with the deadline and procedure set forth in the Order are deemed to have waived and are forever foreclosed from raising any objection to the Settlement.

## III. FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

9. The Court finds that the Settlement resulted from extensive arms-length, good-faith negotiations between Plaintiffs and Defendants, through experienced counsel.

10. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement is fair, reasonable, and adequate, and in the best interest of the Settlement Class, considering whether: (a) the class representatives and class counsel have adequately represented the Settlement Class (they have); the proposal was negotiated at arm's length (it was); (b) the relief provided for the Settlement Class is adequate (it is, as it recovers close to 100% of the relief that could have been obtained), taking into account: (i) the costs, risks, and delay of trial and appeal (all significant); (ii) the effectiveness of the proposed method of distributing relief to the Class (the whole Settlement is designed to most effectively do that); (iii) the terms of any proposed award of attorneys' fees, including timing of payment (the amounts of fees and expenses are set forth ); and (iv) any agreement required to be identified under Rule 23(e)(3) (there are none other than the Settlement Agreement itself).

11. The Court also finds that the Settlement is fair, reasonable, and adequate considering the factors set forth in *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983):

      (1) the existence of fraud or collusion behind the settlement;
      (2) the complexity, expense, and likely duration of the litigation;
      (3) the stage of the proceedings and the amount of discovery completed;
      (4) the probability of plaintiffs' success on the merits;
      (5) the range of possible recovery; and
      (6) the opinions of class counsel, class representatives, and absent class members.

Accordingly, the Court hereby finally approves in all respects the Settlement, as memorialized in the Agreement.

12. The Court approves the Parties' plan to distribute the Settlement Fund as set forth in the Settlement. The Parties have jointly agreed to an attorneys' fee award of 29% of the Settlement Fund (or $536,500.00), reimbursement of $10,000.00 in litigation expenses, and service awards in the amount of $2,500.00 per Lead Plaintiff ($5,000.00 in total) following approval by Court order.

13. Although not required by the Notice Order to do so, Class Counsel separately filed Unopposed Motion and Brief in Support of Attorneys' Fees and Costs and Class Representative Service Awards ("Fee Motion") (Dkt. #56) on November 17, 2022, before the November 23, 2022, deadline for objecting to any aspect of the Settlement, including Class Counsel's requested Fee and Expense Award and the Class Representatives' requested Service Awards. Not only were no objections filed to the Settlement, including those requested awards, but no response in opposition to the Fee Motion was ever filed with the Court.

14. The class representative service awards requested are awarded "to compensate named plaintiffs for the services they provide and burdens they shoulder during litigation." *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 333 (W.D. Tex. 2007). Upon consideration of Class Counsel's request for service awards for the Plaintiffs in this litigation and considering the agreement between the parties as reflected in the Settlement Agreement to pay class representative service awards in the amount of $2,500 each, and with the acknowledgement of their efforts to

come forward and act as Lead Plaintiffs in this case, Plaintiffs are hereby each awarded a service award in the amount of $2,500.00 in accordance with the Settlement Agreement, and Ciox is ordered to pay them out of the Settlement Fund in accordance with the terms of the Settlement.

15. Federal Rule of Civil Procedure 23(3) provides that "[i]n a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized … by the parties' agreement." Moreover, the Supreme Court has consistently recognized the common fund doctrine to permit attorneys who obtain a recovery for a class to be compensated from the benefits achieved as a result of their efforts. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980). Under the percentage of recovery method as cross-checked by the factors by the factors set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 720 (5th Cir. 1974), as set forth in the Fee Motion, the Court finds fair, reasonable and adequate to Class Counsel and the Class the agreed-upon attorneys' fees of $536,500.00 and expenses of $10,000.00 and orders them to be paid by Ciox out of the Settlement Fund in accordance with the terms of the Settlement.

IV. **RELEASE**

16. As provided for in Paragraph VIII(A) of the Agreement, upon the entry of the Final Approval Order and without any further action by the Court or by any Party to this Agreement, Plaintiffs, on their own behalf and on behalf of each Class Member, on behalf of their respective heirs, executors, administrators, representatives, agents, attorneys, partners, clients, successors, predecessors-in-interest, assigns, affiliates, and any authorized users of their accounts acknowledge full satisfaction of and fully, finally, and forever settle with, release, and discharge the Released Parties of and from all Released Claims. Subject to Court approval of this Agreement, all Class Members shall be bound by this Agreement and all their claims shall be dismissed with

prejudice and released even if they never received personal notice of the Action or the settlement or submitted a Proof of Claim.

17. As provided for in Paragraph VIII(C) of the Agreement, the releases contained herein shall apply to and bind all members of the Settlement Class who do not opt out including, but not limited to, those Class Members whose Class Notices are returned undeliverable, those who do not negotiate checks or electronic payments sent to them, and/or those for whom no current address can be found through reasonable efforts.

18. The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of the Releasing Parties. The Court thus hereby permanently bars and enjoins each Releasing Party, including Plaintiffs and Defendants, from directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, filing, commencing, prosecuting, participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory, or other proceeding in any jurisdiction in which any of the Released Claims is asserted.

## V. FINAL JUDGMENT AND OTHER PROVISIONS

19. This Final Approval Order shall constitute a final judgment pursuant to FRCP 54(a) from which an appeal may lie. The Court has jurisdiction to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court expressly retains jurisdiction over Defendants and each Settlement Class Member regarding the implementation, enforcement, and performance of the Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to the Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement

and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator.

20. The Parties are hereby directed to implement and consummate the Settlement as set forth in the terms and provisions of the Agreement.

21. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Agreement as are consistent with this Final Approval Order and that do not reduce or limit the benefits and rights of Settlement Class Members under the Agreement.

**IT IS SO ORDERED.**

**SIGNED this 27th day of January, 2023.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**Opt-Out Entity List**

Arkansas School Boards Association
P.O. Box 165460
Little Rock, AR 72216-5460
P: (501)-492-4824

Cassem, Tierney, Adams, Gotch & Douglas
9290 West Dodge Road, Suite 302
Omaha, Nebraska 68114-3320
P: (402)-390-0300

Flynn Merriman McKennon
4523 W. 24th Avenue, Suite 110
Kennewick, WA 99338
P: (509)-783-7326